IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 17-cv-1016-WJM-KMT

MIQUEL S. AVERY, and
CECIL AVERY,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF EL PASO
COUNTY, COLORADO,

    Defendant.

---

### ORDER ADOPTING NOVEMBER 20, 2017 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the November 20, 2017 Recommendation of United States Magistrate Judge Kathleen M. Tafoya ("Recommendation") (ECF No. 32) that Defendant's "Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1)" (ECF No. 18) ("Motion to Dismiss") be granted. The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

### I. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. One Parcel of Real Property Known as 2121 East 30th St.*,

73 F.3d 1057, 1059 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

A motion under Rule 12(b)(1) is a request upon the court to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A plaintiff bears the burden of establishing that the court has jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Dismissal of a complaint under Rule 12(b)(1) is proper when the Court lacks subject matter jurisdiction over a claim for relief. *See SBM Site Services, LLC v. Garrett*, 2012 WL 628619, *1 (D. Colo. Feb. 27, 2012).

When a court's subject matter jurisdiction is challenged, the court may review materials outside the pleadings without converting the Rule 12(b)(1) motion to dismiss into a motion for summary judgment. *Davis ex rel. Davis v. U.S.*, 342 F.3d 1282, 1296 (10th Cir. 2003) (stating that "when a party challenges the allegations supporting subject-matter jurisdiction, the 'court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts'" (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)); *Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000); *Holt*, 46 F.3d at 1003.

Further, the Court is mindful of Plaintiffs' *pro se* status, and accordingly reads their pleadings and filings liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007). The Court,

2

however, cannot act as advocate for Plaintiffs, who still must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1188 (10th Cir. 2003).

## II. BACKGROUND

In their Amended Complaint (ECF No. 6) ("Complaint"), Plaintiffs claim that

> On April 16, 2016, an El Paso County Court entered a judgment that prohibited the [D]efendant from destroying [P]laintiffs' property described as "modular structures" located on Date Street in Colorado Spring[s], Colorado. []On March 14, 2017, the [D]efendant entered Plaintiffs' property and destroyed all 32 items under the authority of El Paso Ordinance 06-02 which is a rubbish ordinance. On 13 April 2017, [P]laintiffs received a report from Defendant attorney for the cost of $109,500 as a result of the destruction of Plaintiffs' property. Defendant seeks to recover[] this cost [by] attaching it to [Plaintiffs'] property tax bill without the authority of law/ Plaintiffs believe that the Ordinance 06-02 did not authorize the County of El Paso to declare [Plaintiffs'] property rubbish, remove, and destroy the modular structures, trailers, heating and air conditioning units.

(ECF No. 6 at 3.) Plaintiffs challenge these actions pursuant to 42 U.S.C. § 1983 (*id.* at 7), claiming violations of their Fifth and Fourteenth Amendment rights (*id.* at 11).

In its Motion to Dismiss, filed on August 14, 2017, Defendant presents facts about the state court proceeding that Plaintiffs failed to mention in their Complaint. As Plaintiffs claim, the state court originally did not authorize disposal of the modular components and trailers. (ECF No. 18-8 at 1.) However, Plaintiffs failed to mention that the state court later granted Defendant's Motions for Summary Judgment and Default Judgment and ordered Plaintiffs to remove all of the modular components

3

including any debris and/or rubbish within thirty days. (ECF Nos. 18-11, 18-12, 18-13, 18-14, 18-15.) When Plaintiffs failed to comply with the state court's orders, Defendant issued two notices informing Plaintiffs that it would be seeking an administrative warrant to abate the nuisance. (ECF Nos. 18-22, 18-23.) Plaintiffs did not respond, so Defendant filed for a Verified Application for Administrative Entry and Seizure Warrant, which the state court granted on March 13, 2017 ("Warrant"). (ECF Nos. 18-24, 18-25.) In the Warrant, the state court noted that the property at issue constituted "rubbish" under El Paso County ordinance 06-02. (ECF No. 18-25.)[1] The state court determined that "it [was] unsafe to attempt to remove the modular components as whole sections[,] and in order to remove them safely they may be demolished on site and disposed of according to law. The [c]ourt [took] further notice of safety concerns raised by the El Paso County Sheriff's Department, the El Paso County Environmental Division, and the El Paso County Engineer, thus the modular components are a public safety hazard." (*Id.* ¶ 11.) Accordingly, the state court granted the Warrant and ordered the following:

> The El Paso County Sheriff's Office is by this warrant
> authorized to assist the El Paso County Board of County
> Commissioners, acting through employees of El Paso
> County and any agent of a private trash, waste disposal, or
> demolition/debris removal company needed for this purpose,
> in the entry upon the properties identified as 4375 Date
> Street (further identified as El Paso County Parcel Nos.

---

[1] "The violations consist of scattered rubbish on the property, including, but not necessarily limited to, litter, debris, junk, garbage, trash, human refuse, furniture, appliances, bedding, remnant construction materials, abandoned or junk equipment, and specifically the dilapidated modular components which constitute objects likely to injure any person or create a traffic hazard, have been discarded or abandoned, and any combination of debris, junk, remnant construction materials, metal, glass, plastic and equipment. The Court notes these violations are visible as shown in Exhibit 1 of Plaintiffs' Motion, and further notes there is likely more inside of the properties." (ECF No. 18-25 ¶ 3.)

> 6326203039 and 6326203002) 4375 Date Street, with legal
> descriptions of LOT 35 BLK 3 PARK VISTA ADD, EX PT TO
> CITY BY BK 6602-357 and LOT 34 BLK 3 PARK VISTA
> ADD and seizing the items listed in paragraph 3 which
> constitute "rubbish" above, to include the modular
> components, within ten (10) days following the date of this
> Warrant, during any time of the day or night. Seizure of any
> items constituting rubbish may be done by any method
> practicable, such as demolishing on site, removing, and then
> disposing according to law. Plaintiff, its employees and
> contractors, are authorized to fence off the subject
> properties during the course of removal for safety reasons.
> Entry authorized by this warrant is limited to the persons,
> employees, and agents described herein and limited to the
> purposes described herein so that the property no longer
> violates El Paso County Ordinance 06-02 and the nuisance
> is abated. The El Paso County Sheriff's Office is specifically
> granted the authority to remove any persons from the
> properties who are not authorized to be present on the
> subject property and/or who may interfere with the execution
> of this Order.

(*Id.* at 4 (internal emphasis omitted).) The Defendant executed the Warrant and mailed to Plaintiffs a final invoice for the associated costs of executing the Warrant to provide Plaintiffs with an opportunity to either pay or enter into an approved payment plan. (ECF No. 18-27.) Plaintiffs did not respond to the invoice, and the state court entered a order for entry of judgment for assessment. (ECF No. 18-28.)

### III. ANALYSIS

Defendant's Motion to Dismiss articulates three bases for dismissing Plaintiffs' Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

First, Defendant contends that Plaintiffs' claims lack subject matter jurisdiction because they are barred by the *Rooker-Feldman* Doctrine. (ECF No. 18 at 8.) The *Rooker-Feldman* Doctrine "bars any 'action in federal court that alleges an injury

5

'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state court decision.'" *Wideman v. Colorado*, 242 F. App'x 611, 613–14 (10th Cir. 2007) (quoting *Epps v. Creditnet, Inc.*, 320 F.3d 756, 758–59 (7th Cir.2003).).

Second, Defendant claims that Plaintiffs lack standing to bring this action. (ECF No. 18 at 11.) At all relevant times subject to this action, Security Management and Integration Company ("SMIC") owned the 16 modular units. (*Id.*) "By SMIC's own admission, Cecil Avery has never had a property interest in either the modular units or any of the real property at issue in this case or the state case, nor was he a named party in the state case."[2] (ECF No. 18 at 12; *see also* ECF No. 18-4 at 2.) Moreover, SMIC admitted in state court that Miquel Avery does not have any property interest in the modular components. (ECF No. 18 at 12.) Therefore, Defendant contends, neither Cecil Avery nor Miquel Avery have had or do have any legal property interest in the modular components that are the subject of the claims set forth in the Complaint. (*Id.*) According to Defendant, "[i]t appears then, based on Plaintiffs' attempt to bring suit in the name of SMIC, then subsequently [dismissing] SMIC, that Plaintiffs are actually filing this action on behalf of SMIC; however, because neither Plaintiff has a personal property interest in the modular components, they both lack standing to sue on behalf fo SMIC. (*Id.*)

Defendant's third basis relies on Defendant's immunity under the Colorado Governmental Immunity Act. (*Id.* at 13.) According to Defendant, a "civil suit may only

---

[2] Cecil Avery is the President of SMIC.

be brought against a public entity when the legislature has specifically waived immunity as defined in C.R.S. § 24-10-106(1)(a)–(h). None of the activities alleged by Plaintiffs in the Amended Complaint fall within those specified waivers."

In their "Plaintiff Objection to Motion for Dismissal" (ECF No. 30) ("Response"), Plaintiffs fail to address any of the three arguments that Defendant presented in its Motion to Dismiss.

Judge Tafoya considered the arguments raised in the briefs before her and recommended that Defendant's Motion to Dismiss be granted pursuant to the *Rooker-Feldman* Doctrine. According to Judge Tafoya, "Plaintiffs' claimed injury flows directly from the state court's order authorizing [Defendant] to hire a contractor to destroy and remove the modular structures, related structures, and debris. Further, the state court issued the judgment in the amount of $109,500. If this court were to grant the relief Plaintiffs seek, it would inherently overrule the state court order authorizing [Defendant's] actions and would disrupt enforcement of the state court judgment, as if the court had declared it void." (ECF No. 32 at 9–10.) Judge Tafoya noted that, "[u]nder the *Rooker-Feldman* Doctrine, federal courts, other than the Supreme Court, lack jurisdiction to review, reverse, or grant relief from a final state court judgment." (*Id.* at 10.) Furthermore, Judge Tafoya also determined that "[i]n light of this recommendation, it is not necessary to address [Defendant's] additional bases for dismissal." (*Id.*)

Plaintiffs timely filed their "Objections to Migistrate [*sic*] Judge Proposed Finding and recommendations" (ECF No. 33) ("Objection"). In it, Plaintiffs address the *Rooker-*

*Feldman* Doctrine for the first time. (ECF No. 33 at 4.)

The Court considered the parties' briefs and Judge Tafoya's Recommendation and adopts Judge Tafoya's Recommendation in its entirety. Although Plaintiffs eventually considered the *Rooker-Feldman* Doctrine in their Objection, in the Tenth Circuit, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Because this argument is waived, the Court finds that Plaintiffs' Objection is not sufficiently specific. In the absence of a timely *and* specific objection, "the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)); *see also* Fed R. Civ. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). The Court concludes that the Magistrate Judge's analysis was thorough and sound, and that there is no clear error on the face of the record.

## IV. CONCLUSION

For the reasons set forth below, the Court ORDERS as follows:

1. The Magistrate Judge's Recommendation (ECF No. 32) is ADOPTED in its entirety;

2. The Defendant's Motion to Dismiss (ECF No. 18) is GRANTED;

3. Plaintiffs' Complaint (ECF No. 6) is DISMISSED WITHOUT PREJUDICE; and

4. The Clerk shall enter judgment in favor of Defendant and against Plaintiffs, and

shall terminate this case. The parties shall bear their own costs.

Dated this 26th day of March, 2018.

BY THE COURT:

_____
William J. Martínez
United States District Judge